Filed 9/20/22  P. v. Navarrete CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095516 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE010537) |
| v. | |
| JOSE ARTURO NAVARRETE, | |
| Defendant and Appellant. | |

A jury found defendant Jose Arturo Navarrete guilty of sexually abusing a younger relative.  He contends the trial court abused its discretion by admitting, under Evidence Code section 1108,[1] propensity evidence—an uncharged rape of an adult woman—that was unduly prejudicial.  Defendant further contends section 1108 is unconstitutional.  We affirm.

---

[1] Undesignated statutory references are to the Evidence Code.

1

# I. BACKGROUND

Defendant was convicted of 10 counts of sexual offenses—lewd and lascivious acts, sexual intercourse or sodomy, and oral copulation (Pen. Code, §§ 288, subd. (a), 288.7, subds. (a), (b))—against a relative when she was around five or six years old. Such abuses occurred around 2015 when defendant was 19 to 20 years old. On several occasions, with I.N. asleep in the same room, defendant sexually assaulted the girl.

Defendant denied abusing her. He also denied an uncharged offense: According to I.N., late one night in 2016 or 2017, defendant coaxed a visibly intoxicated woman in her mid-twenties into the backseat of his car while I.N. was in the front passenger seat. Defendant drove briefly, stopped, grabbed a condom out of the middle console, and got in the back seat of the car. I.N. remained in the front, overhearing defendant "engage in sexual relations with her but against her will," while she repeatedly asked defendant to stop, crying and struggling throughout.

Over defense counsel's objections, the trial court ruled I.N.'s testimony would be "well within the ambit of [section] 1108 . . . . It is precisely what is contemplated by the [L]egislature and the passage of that statute." The court reasoned, under section 1108, that the differences in the conduct, "having primarily to do with the age of the victim . . . [wa]sn't a pivotal consideration." The court concluded that the evidence would be "probative, but it [wa]s not unduly prejudicial, particularly given the multiple counts presently pending relating to a child molest [*sic*] itself as opposed to a sexual offense against a non-child. It[ was] not unduly time consuming. It would only take a few minutes of inquiry from the proffering witness. It [wa]s not confusing. It [wa]s fairly explicit, direct."

Using CALCRIM No. 1191A, the trial court instructed the jury to consider I.N.'s testimony of the uncharged rape "only if the People have proved by a preponderance of the evidence that the Defendant, in fact, committed the uncharged offense." The court further instructed: "If you conclude that the Defendant committed the uncharged offense,

2

that conclusion is only one factor to consider, along with all the other evidence. It is not sufficient by itself to prove that the Defendant is guilty of any crime charged in this case. The People must still prove each charge and allegation beyond a reasonable doubt."

The jury found defendant guilty on all counts. The trial court sentenced him to 120 years to life, plus six years, in prison.

## II. DISCUSSION

A.  *Admissibility of Sexual Offense Propensity Evidence Under Section 1108*

Defendant contends the trial court abused its discretion by admitting the uncharged rape evidence pursuant to section 1108. We disagree.

Generally, "evidence of a person's character or a trait of his or her character . . . is inadmissible when offered to prove his or her conduct on a specified occasion." (§ 1101, subd. (a).) Section 1108 establishes an exception to this rule "[i]n a criminal action in which the defendant is accused of a sexual offense," by authorizing the admission of "evidence of the defendant's commission of another sexual offense . . . if the evidence is not inadmissible pursuant to section 352." (§ 1108, subd. (a).) That section, in turn, provides that courts "may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confining the issues, or of misleading the jury." (§ 352.)

The Legislature enacted section 1108 because it found "that persons who commit sex offenses often have a propensity to commit sex crimes against more than one victim." (*People v. Escudero* (2010) 183 Cal.App.4th 302, 305-306 (*Escudero*).) "With the enactment of section 1108, the Legislature 'declared that the willingness to commit a sexual offense is not common to most individuals; thus, evidence of any prior sexual offenses is particularly probative and necessary for determining the credibility of the witness.' " (*People v. Soto* (1998) 64 Cal.App.4th 966, 983 (*Soto*).) Section 1108 thus

3

establishes a "strong presumption of admissibility" of sexual offense evidence to show a propensity to commit the charged offense. (*People v. Merriman* (2014) 60 Cal.4th 1, 42.)

Five factors are "particularly significant" in applying a section 352 balancing test to section 1108 evidence: "(1) whether the propensity evidence has probative value, e.g., whether the uncharged conduct is similar enough to the charged behavior to tend to show defendant did in fact commit the charged offense; (2) whether the propensity evidence is stronger and more inflammatory than evidence of the defendant's charged acts; (3) whether the uncharged conduct is remote or stale; (4) whether the propensity evidence is likely to confuse or distract the jurors from their main inquiry, e.g., whether the jury might be tempted to punish the defendant for his uncharged, unpunished conduct; and (5) whether admission of the propensity evidence will require an undue consumption of time. [Citation.] A trial court balances this first factor, i.e., the propensity evidence's probative value, against the evidence's prejudicial and time-consuming effects, as measured by the second through fifth factors." (*People v. Nguyen* (2010) 184 Cal.App.4th 1096, 1117.) We review the trial court's admission of evidence under section 1108 for abuse of discretion. (*People v. Dworak* (2021) 11 Cal.5th 881, 895.)

Defendant argues that the charged and uncharged offenses are "absolutely different in kind" because the uncharged rape was forcible rather than implicitly coercive and the victim was an adult stranger rather than a child relative. This court rejected a similar argument in *Escudero*. The defendant was charged with molesting his girlfriend's seven-year-old daughter while the daughter slept in bed with him. (*Escudero, supra*, 183 Cal.App.4th at pp. 306-307.) Under section 1108, the trial court admitted evidence that the defendant had sexually assaulted two adult women while they were sleeping after drinking alcohol. (*Escudero, supra,* at pp. 308-309.) On appeal, the defendant argued: " 'Other than sheer speculation, the record is devoid of evidence showing that a man who allegedly forcibly and sexually assaults adult women also would be inclined to sexually molest a young child.' " (*Id.* at p. 311.) The Court of Appeal disagreed, observing that

4

"persons with deviant sexual urges do not always limit their sex crimes to victims of the same age group." (*Id.* at p. 306.) The Court of Appeal concluded that the prior offenses "demonstrated [the defendant's] propensity to prey upon and sexually assault females when they were sleeping or otherwise particularly vulnerable and when it was risky to do so." (*Id.* at p. 311.)

Similarly, the uncharged offense in this case demonstrated defendant's propensity to prey upon and sexually assault particularly vulnerable females in earshot of N. " ' "Many sex offenders are not 'specialists,' and commit a variety of offenses which differ in specific character." ' " (*Soto, supra*, 64 Cal.App.4th at p. 984.) Indeed, section 1108 was designed to overcome certain limitations in the admission of prior criminal conduct under section 1101, including the " ' "more exacting requirements of similarity between the charged offense and the defendant's other offenses." ' " (*Soto, supra,* at p. 984.) Differences in the types of victims or the use of force or coercion in the commission of the assaults may have diminished the probative value of the uncharged rape but did not negate it.

Nor was the propensity evidence unduly prejudicial. " ' "In applying section 352, 'prejudicial' is not synonymous with 'damaging.' " ' " (*People v. Hollie* (2010) 180 Cal.App.4th 1262, 1276.) Rather, it refers " ' "to evidence which uniquely tends to evoke an emotional bias against the defendant as an individual and which has very little effect on the issues." ' " (*Escudero, supra*, 183 Cal.App.4th at p. 312.) The evidence of the uncharged rape of an intoxicated adult woman was not stronger or more inflammatory than the evidence defendant serially molested his six-year-old relative. And, as defendant concedes, the uncharged offense was neither remote nor stale, occurring within two years of the charged offenses. Furthermore, defendant does not show the jury punished him for the uncharged rape rather than the charged offenses. The trial court properly instructed the jury that the propensity evidence was but one factor to consider and that it did not relieve the People of their burden to prove the charged offenses beyond a reasonable

doubt. (See *People v. Carey* (2007) 41 Cal.4th 109, 130 [" ' "Jurors are presumed to be intelligent, capable of understanding instructions and applying them to the facts of the case" ' "].) Finally, I.N.'s testimony on the uncharged offense, and defendant's response, were brief. The prejudicial effect of the propensity evidence thus did not outweigh its probative value.

Therefore, the trial court, in admitting the uncharged rape evidence under section 1108, did not abuse its discretion.

*B.     Constitutional Challenges*

Defendant has forfeited his federal due process and equal protection challenges to section 1108 by failing to raise these arguments below. (§ 353, subd. (a); *People v. Partida* (2005) 37 Cal.4th 428, 435 [party cannot argue on appeal that trial court "erred in failing to conduct an analysis it was not asked to conduct"].)

In any event, the California Supreme Court has, as defendant acknowledges, repeatedly rejected due process challenges to section 1108 (*People v. Falsetta* (1999) 21 Cal.4th 903, 907; *People v. Rhoades* (2019) 8 Cal.5th 393, 415; *People v. Dworak, supra*, 11 Cal.5th at p. 900), and we are bound to follow these precedents (*Auto Equity Sales, Inc. v. Superior Court of Santa Clara County* (1962) 57 Cal.2d 450, 455).

## III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

DUARTE, Acting P. J.

/S/

_____

HOCH, J.

7